IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARLENE LOGAN,

               Plaintiff,            :   Case No. 3:16-cv-480

    vs.                        :   JUDGE WALTER H. RICE

NANCY A. BERRYHILL,        :   MAGISTRATE JUDGE
                              MICHAEL J.NEWMAN
Acting Commissioner of the    :
Social Security Administration,

                          :

          Defendant.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #13); OBJECTIONS OF
DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION, TO SAID JUDICIAL FILING (DOC.
#14) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
PLAINTIFF CARLENE LOGAN AND AGAINST COMMISSIONER,
REVERSING THE DEFENDANT COMMISSIONER'S DECISION THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE
CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT
TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER
PROCEEDINGS; TERMINATION ENTRY

---

Plaintiff Carlene Logan ("Plaintiff") has brought this action pursuant to 42 U.S.C.

§ 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of

the Social Security Administration ("Commissioner"), denying Plaintiff's application for

Social Security disability benefits.    On January 5, 2018, Magistrate Judge Michael J.

Newman filed a Report and Recommendations, Doc. #13, recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed, and that the matter be remanded to the Commissioner for further proceedings, pursuant to Sentence Four of 42 U.S.C. § 405(g). Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #13, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #7, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations and OVERRULES the Commissioner's Objections, Doc. #14, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the matter, pursuant to Sentence Four of 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human*

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

*Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.      Gregory G. Kenyon, the Commissioner's Administrative Law Judge ("ALJ"), assigned great weight to the opinions of Leslie Green, M.D., and Anahi Ortiz, M.D., the Commissioner's record reviewing physicians, both of whom opined that Plaintiff could perform "medium exertional work with frequent postural movements[,]" and that he was not under a disability as defined by the Act.    Doc. #7-2, PAGEID #50 (citing Doc. #7-3, PAGEID 112-13, 116-18, 151-52, 156-57).    ALJ Kenyon's only supporting statement was his finding that Plaintiff "can do at least this level of work . . . as demonstrated by the evidence of record and the claimant's activities of daily living."    *Id.*    ALJ Kenyon's reasoning in deciding to give great weight to the opinions of Kristen Haskins, Psy.D., and Janet Souder, Psy. D., the Commissioner's record-reviewing psychologists, was similarly sparse.    Doc. #7-2, PAGEID #50 (citing Doc. #7-3, PAGEID #113-15, 166, 170-71). ALJ Kenyon concluded that the modest limitations opined by Drs. Haskins and Souder were "consistent with the observations of the [Cooperative Disability Investigations Unit ('CDIU')] investigation, mental status examinations by the claimant's primary care physician, and the claimant's activities of daily living."    *Id.*    In the Report and Recommendations, the Magistrate Judge stated that ALJ Kenyon's "analysis is conclusory and lacking in meaningful explanation."    Doc. #13, PAGEID #1061 (citing 20 C.F.R. § 404.1527(c); *Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, *at *5-6

(S.D. Ohio Aug. 19, 2014) (Newman, Mag. J.), *Report and Recommendations adopted at* 2014 WL 4443286 (S.D. Ohio Sept. 8, 2014) (Rice, J.)). "Accordingly," the Magistrate Judge concluded, "the ALJ's assessment of the record-reviewers' opinions is unsupported by substantial evidence." *Id.*, PAGEID #1062.

In her Objections, the Commissioner argues that the Magistrate Judge erred in "suggest[ing] that the ALJ's analysis of the opinions of the state agency reviewing consultants was *per se* unreasonable due to the brevity of the analysis." Doc. #14, PAGEID #1065 (citing Doc. #13, PAGEID #1061-62). The Commissioner claims that the two paragraphs in which ALJ Kenyon assigned great weight to the record reviewing sources cannot be read, as the Magistrate Judge supposedly did, in isolation, but as part of the overall decision, which discussed medical evidence of record, activities of daily living, and the CDIU investigation. Doc. #14, PAGEID #1065, 1068 (citing Doc. #7-2, PAGEID #50; Doc. #13, PAGEID #1061-62; *Hill v. Commissioner of Soc. Sec.*, No. 13-6101, 560 F. App'x 547, 551 (6th Cir. 2014); *Buckhanon ex rel. J.H. v. Astrue*, No. 09-1633, 368 F. App'x 674, 678-79 (7th Cir. 2010)). The Commissioner notes that ALJ Kenyon discussed and evaluated: (a) the largely normal findings and stable symptomology reported by Anil K. Agarwal, M.D., Plaintiff's treating physician; and (b) Plaintiff's subjective statements, along with an explanation of why he concluded that those statements were not entirely credible. *Id.*, (citing Doc. #7-2, PAGEID #44-48, 50; Doc. #7-7, PAGEID #512, 530, 544, 562, 609, 627, 629-30, 632, 688; Doc. #7-8, PAGEID #800, 803, 814, 818, 828, 833, 842, 845, 856, 859, 869, 874, 885). As those other discussions provide a basis for assigning great weight to the reviewing source opinions, the Commissioner argues, ALJ Kenyon's residual

functional capacity ("RFC") and finding of non-disability were supported by substantial evidence and must be affirmed. *Id.*, PAGEID #1068-69.

The Commissioner's argument is unavailing. The Magistrate Judge did not discount ALJ Kenyon's analysis solely because of its brevity. Rather, he found it to be insufficient due to its conclusory nature and complete lack of explanation of the reviewing source opinions. Doc. #13, PAGEID #1062. While the Commissioner is correct that the ALJ need not provide an exhaustive, factor-by-factor analysis of each opinion, Doc. #14, PAGEID #1065 (citing 20 C.F.R. § 404.1527(c); *Francis v. Comm'r of Soc. Sec.*, No. 09-6263, 414 F. App'x 802, 804 (6th Cir. 2011)), he still must provide good reasons for the weight assigned to each opinion. Soc. Sec. R. 96–2p, 1996 WL 374188, at *5 (Jul. 2, 1996). ALJ Kenyon's analysis can be restated as "these opinions are assigned great weight because they are accurate," which begs the question and provides no insight as to the factual bases and reasoning of the reviewing source opinions. The Commissioner claims that the "state agency reviewing physicians comprehensively considered the record evidence, and provided detailed bases for their opinions." Doc. #14, PAGEID #1069 (citing Doc. #7-3, PAGEID #101-16, 142-54). However, ALJ Kenyon did not include any such discussion in the opinion, and "this Court shall not accept . . . *post* hoc rationalizations for agency action in lieu of accurate reasons and findings enunciated by the [ALJ]." *Keeton v. Comm'r of Soc. Sec.*, No. 13-4360, 583 F. App'x 513, 524 (6th Cir. 2014) (internal quotation marks and citations omitted). In sum, ALJ Kenyon, in his barebones, conclusory analysis of the reviewing source opinions, did not provide the good reasons necessary for those opinions to be given great weight and relied upon in formulating the RFC.

6

2.      The Commissioner argues that, even if ALJ Kenyon failed to provide the requisite good reasons for assigning great weight to the record reviewing source opinions, his decision should still be upheld under the harmless error doctrine, since the restrictions included ALJ Kenyon's RFC were consistent with—indeed, more severe than—those opined by Drs. Green and Ortiz.    Doc. #14, PAGEID #1066-67 (citing Doc. #7-3, PAGEID #154-55; *Shinseki v. Sanders,* 556 U.S. 396, 407, 409, 129 S.Ct. 1696, 173 L.Ed.2d 532 (2009); *Nelson v. Apfel,* 131 F.3d 1228 (7th Cir. 1997); *Molebash v. Berryhill,* No. 2:16-cv-869, 2017 WL 3473816, at *5 (S.D. Ohio Aug. 14, 2017) (Vascura, Mag. J.), *Report and Recommendations adopted at* 2017 WL 3769353 (S.D. Ohio Aug. 29, 2017) (Sargus, C.J.)).    Yet, as discussed above, ALJ Kenyon erred in his decision to assign great weight to the opinions of Drs. Green and Ortiz, and his RFC included <u>less</u> severe restrictions than those opined by Dr. Agarwal, Plaintiff's treating physician.    Doc. #7-2, PAGEID #44, 48.    Thus, ALJ Kenyon failed to build a logical bridge between the evidence of record and his RFC determination, and the harmless error doctrine cannot apply to uphold his RFC determination and finding of non-disability.    *Villano v. Astrue*, 556 F.3d 558, 562-63 (7th Cir. 2009).


3.      Remand for an immediate "award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."    *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)).    While ALJ Kenyon erred in assigning great weight to the opinions of the Commissioner's record reviewing physicians and psychologists, all of those medical sources reviewed the evidence of record and concluded that Plaintiff had no disabling

impairment. *See, e.g.*, Doc. #7-3, PAGEID #156-57. As evidence of nondisability is present, and the evidence of disability is not overwhelming, remand for further proceedings, rather than an award of benefits, is appropriate. *Faucher*, 17 F.3d at 176.

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #13. The Commissioner's Objections to said judicial filing, Doc. #14, are OVERRULED. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the case to the Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 20, 2018

_____

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

8